UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff, | ) | CASE NO.1:09CR0049 |
| | ) | |
| -vs- | ) | |
| | ) | |
| ANTHONY CHRISTIAN, | ) | |
| | ) | |
| | ) | <u>ORDER DENYING MOTION</u> |
| Defendant(s). | ) | |

The Defendant entered a guilty plea before the Court on September 3, 2009 to a two count Indictment charging violations of 18 U.S.C. § 922 (g)(1), Felon in Possession, and 18 U.S.C. § 922(j), Felon in Possession of Stolen Firearms, respectively.

On March 24, 2009, the Defendant motioned the Court for a Detention Hearing and on March 25, 2009, filed a "Withdrawal of Motion Seeking Detention Hearing, " knowingly and voluntarily waiving his rights to a Detention Hearing and consenting to being held without bail.

The Defendant again filed a "Motion Seeking Detention Hearing" on September 14, 2009 (ECF Doc. 33). Defendant seeks time to spend with family members before the Court imposes sentence and he is incarcerated.

The Court finds the Defendant knowingly waived any right to a Detention Hearing when he executed a "Waiver of Detention Hearing"[1] form. Defendant, in his motion, has not shown that his decision was involuntary or without knowledge of the consequences.

---

[1] Defendant waived his right to a Detention Hearing and executed the Detention Hearing waiver form on 2/9/009 (ECF Doc. No. 8).

Next, the Court finds the Defendant cannot overcome the statutory presumption of detention.

As provided for in 18 U.S.C. 3143(a):

the judicial officer *shall order* that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence. . . . *be detained*, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . .

Once a Defendant pleads guilty, he has the burden to prove to the Court, by clear and convincing evidence, that he is neither a danger to the community nor a flight risk.  Defendant has not met this burden and the facts acknowledged at the change of plea hearing support this finding.

Finally, the Defendant has been convicted of no less than eight counts of physical violence.  The Defendant willingly and knowingly took possession of firearms, knowing he was not permitted to do so.

Further, if, at the time of sentencing, the Court finds the Defendant is an Armed Career Criminal, the statutory minimum term of incarceration is 15 years and the statutory maximum term of incarceration is life imprisonment.  If the Court finds the Defendant is not an Armed Career Criminal, the likely guideline range of imprisonment is 140 - 175 months. Because the statutory maximum is 120 months, the Defendant will likely face a 10 year term of imprisonment.  In either situation, the Defendant is looking to serve a substantial sentence, which precludes Defendant from successfully demonstrating, by clear and convincing evidence, that he does not pose a risk of flight.  Therefore, the Court finds the Defendant poses a danger to the community and is a flight risk.

For the foregoing reasons, the Court denies Defendant's "Motion for Detention Hearing."

IT IS SO ORDERED.

                                                <u>s/Christopher A. Boyko</u>
                                                Christopher A. Boyko
                                                U.S. District Court Judge

September 21, 2009